J-S24038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                            :             PENNSYLVANIA
                                            :

               v.                           :
                                            :
                                            :

LOVELL MARVELOUS JOHNSON        :
                                            :
           Appellant           :     No. 129 WDA 2021

Appeal from the Judgment of Sentence Entered December 20, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000238-2018

BEFORE:   DUBOW, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED:  August 16, 2021**

Appellant Lovell Marvelous Johnson appeals *nunc pro tunc* from the judgment of sentence entered by the Court of Common Pleas of Erie County on December 20, 2019.  Appellant claims the trial court erred in refusing to allow him to withdraw his guilty plea after sentencing.  We affirm.

Appellant was charged with multiple offenses including attempted homicide, aggravated assault, robbery, conspiracy to commit robbery, and related charges in connection with allegations that Appellant and his brother, Denzel Johnson, shot an individual in the stomach while attempting to steal his cell phone on January 3, 2017.

Before trial, Appellant requested continuances for various reasons including to seek the dismissal of his first court-appointed counsel.  Appellant's

_____

[*] Former Justice specially assigned to the Superior Court.

trial date was continued from the December 2018 trial term and set for January 14, 2019. Before the trial date arrived, the prosecution offered Appellant a plea deal and the parties scheduled Appellant to enter the plea on January 10, 2019. However, instead of entering the plea, on January 10, 2019, Appellant filed a motion to delay the trial, asking for additional time to "review discovery and think about the plea offer." Motion, 1/10/19, at 2. The trial court denied the motion for continuance.

On the morning of trial, Appellant filed a motion to dismiss his second court-appointed attorney, Alison Scarpitti, Esq., arguing that she did not provide him with a complete copy of pretrial discovery materials. Appellant asked the trial court to postpone the trial so that he could retain private counsel and reach out to family members to see if they could assist him in paying for private representation.

The trial court denied Appellant's motion after finding that the record showed that Attorney Scarpitti had indeed provided Appellant with the relevant discovery materials. As Appellant had given no other reason to delay trial, the trial court instructed Appellant that he could either proceed to trial with the assistance of Attorney Scarpitti or he could waive his right to counsel and proceed to trial *pro se*. Appellant indicated that he wished to proceed with Attorney Scarpitti.

After a lunch recess, Appellant informed the trial court that he wished to accept the plea agreement offered by the Commonwealth. Appellant

- 2 -

completed both written and oral colloquies and entered a negotiated plea of *nolo contendere* to one count of conspiracy to commit robbery.

Thereafter, the trial court accepted Appellant's *nolo contendere* plea and sentenced him in accordance with the negotiated plea agreement to six to twelve years' imprisonment. The Commonwealth withdrew all the remaining charges pursuant to the agreement.

After sentencing, Appellant, while still represented by counsel, submitted several *pro se* filings in which he asserted, *inter alia*, that he should be allowed to withdraw his *nolo contendere* plea and that plea counsel was ineffective for advising him to enter the plea. The trial court forwarded these documents to plea counsel, who subsequently requested permission to withdraw, arguing that Appellant's claims were meritless.

On February 5, 2019, the trial court permitted plea counsel to withdraw and accepted Appellant's *pro se* filings as timely filed post-sentence motions, which it subsequently denied. Appellant filed a *pro se* notice of appeal and counsel was appointed for the direct appeal. However, on August 19, 2019, this Court dismissed the appeal as untimely filed.

Appellant subsequently filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition requesting that his direct appeal rights be reinstated *nunc pro tunc*. After a hearing, the PCRA court denied Appellant's petition.

On October 15, 2020, this Court reversed the PCRA court's order denying Appellant's petition. ***Commonwealth v. Johnson***, 82 WDA 2020

(Pa.Super. 2020) (unpublished memorandum). This Court found Appellant had been denied the assistance of counsel to help him perfect a direct appeal as the trial court allowed plea counsel to withdraw and did not assess whether Appellant wished to proceed *pro se* or with new counsel for an appeal pursuant to Pa.R.Crim.P. 120(B). As such, Appellant was forced to proceed *pro se* during the period in which he was required to file a notice of appeal. Thus, this Court remanded for the reinstatement of Appellant's rights *nunc pro tunc*.

On October 30, 2020, the lower court entered an order reinstating Appellant's direct appeal rights *nunc pro tunc*. In that order, the lower court also allowed Appellant's PCRA counsel to withdraw and appointed Robert D. Kinnear, Esq. to represent Appellant with regard to the appeal. After Attorney Kinnear failed to take any action, on January 14, 2021, the lower court issued an order notifying both Appellant and Attorney Kinnear that Appellant was required to file a notice of appeal within thirty days in order to preserve his direct appeal rights.

On January 25, 2021, Appellant filed a counseled notice of appeal. While it appears that counsel was attempting to file a direct appeal *nunc pro tunc* from the judgment of sentence after Appellant's appellate rights were reinstated, the notice of appeal indicates that Appellant is appealing from the "order of the Trial Court dismissing [Appellant's] first PCRA petition." Notice of appeal, 1/25/21, at 1. This incorrect designation rendered his appeal defective, but did not invalidate the notice of appeal. ***See*** Pa.R.A.P. 902 ("Failure of an appellant to take any step other than the timely filing of a notice

of appeal does not affect the validity of the appeal ...").  As such, we have amended the caption to reflect an appeal from the judgment of sentence entered on December 20, 2019.

On appeal, Appellant raises a limited challenge to the trial court's refusal to allow Appellant to withdraw his *nolo contendere* plea after sentencing. "When a defendant enters a plea of *nolo contendere*, he technically does not admit guilt.  However, for purposes of a criminal case, a plea of *nolo contendere* is equivalent to a plea of guilty." ***Commonwealth v. Norton***, 650 Pa. 569, 574, 201 A.3d 112, 114 (2019) (emphasis added) (citations omitted).

In reviewing the denial of Appellant's motion to withdraw his plea after sentencing, we are mindful of the following principles:

> It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court.  Although no absolute right to withdraw a guilty plea exists in Pennsylvania, the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing. When a defendant seeks to withdraw a plea after sentencing, he must demonstrate prejudice on the order of manifest injustice. [A] defendant may withdraw his guilty plea after sentencing only where necessary to correct manifest injustice.

> \* \* \*

> Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

> *Commonwealth v. Hart*, 174 A.3d 660, 664–65 (Pa. Super. 2017) (internal citations and quotation marks omitted). *Inter alia*, the law imposes a stricter standard for post-sentence withdrawal motions in order to balance "the tension ... between the individual's fundamental right to a trial and the need for finality in the proceedings." *Commonwealth v. Gunter*, 565 Pa. 79, 771 A.2d 767 (2001); *Commonwealth v. Hvizda*, 632 Pa. 3, 116 A.3d 1103, 1106 (2015).
>
> Additionally, "a defendant is bound by the statements which he makes during his plea colloquy." *Commonwealth v. Barnes*, 455 Pa.Super. 267, 687 A.2d 1163, 1167 (1996) (citations omitted). Therefore, a defendant "may not assert grounds for withdrawing the plea that contradict statements made when he pled guilty," and he may not recant the representations he made in court when he entered his guilty plea. *Id.* (citation omitted). Moreover, the law does not require that a defendant be pleased with the outcome of his decision to plead guilty. The law requires only that a defendant's decision to plead guilty be made knowingly, voluntarily, and intelligently. *See Commonwealth v. Moser*, 921 A.2d 526, 528–529 (Pa.Super. 2007).

*Commonwealth v. Jabbie*, 200 A.3d 500, 505-506 (Pa.Super. 2018).

The sole reason that Appellant offers on appeal to show that his plea was not entered knowingly, voluntarily, and intelligently is his assertion that trial counsel did not provide him with all the relevant discovery materials. As noted above, on the morning of trial, Appellant made the same argument that he had not been provided with pretrial discovery and sought to postpone trial. Defense counsel testified on the record that she gave Appellant all the relevant discovery materials which included the transcript copies, forensics, video surveillance, photo lineup, and the narrative portion of the police report. Notes of Testimony, 1/14/19, 7-8.

Appellant takes issue with defense counsel's decision not to include portions of the police report which she found irrelevant as Appellant asserts

that he should have been permitted to make his own determination regarding the relevancy of the omitted pages. Appellant then suggests his plea was not voluntary and knowing because he did not have access to the entirety of the discovery materials.

However, the trial court found trial counsel testified credibly when she indicated that she had given Appellant the narrative portion of the police report that delineated "everything that the police had done, everyone they talked to, all of the statements." *Id*. The trial court also credited trial counsel's assertion that she omitted pages from the police report that contained no relevant or useful information for Appellant's defense.

Appellant does not suspect that anything in particular was missing from the report but alleges that he would have found something on the missing pages to be relevant to his decision to enter a plea. This argument constitutes mere speculation that does not entitle Appellant to relief.

Moreover, we agree with the trial court's assessment that the record does not contain any support for Appellant's claim that his plea was not voluntarily, intelligently, and knowingly made. Appellant completed both written and oral colloquies that clearly stated the factual basis for his plea and his acknowledgement that he "desire[d] to plead [] no contest in this matter, that my plea is made voluntarily by me without any pressure or promise not reflected on this paper, and that I fully understand all my rights in choosing to plea [] no contest." Written Plea Colloquy, 1/14/19, at 1.

- 7 -

Accordingly, we conclude that the trial court properly exercised its discretion in determining that Appellant was not entitled to withdraw his guilty plea after sentencing as he failed to meet his burden to show manifest injustice.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/2021